UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES RODRIGUEZ,

                Petitioner,

   -v-

MARK MILLER,

               Respondent.

24-CV-2715 (MMG) (RFT)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE MARGARET M. GARNETT, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is the motion by Respondent Mark Miller ("Respondent") to dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (ECF 1) by Petitioner Andres Rodriguez ("Petitioner"), who is proceeding without a lawyer (pro se). (ECF 20, Mot. To Dismiss.) Because Petitioner is pro se, I interpret his filings to raise the "strongest arguments" they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (explaining that the Court is obliged to construe pro se pleadings liberally).[1] Having carefully reviewed the parties' submissions, and for the reasons set forth herein, I respectfully recommend that Respondent's motion be GRANTED.

**FACTUAL BACKGROUND**

On February 10, 2017, Petitioner, along with counsel, appeared before New York County Supreme Court Justice James Burke and informed the state court that Petitioner wished to plead guilty to one count of first-degree criminal sexual act and one count of forcible touching in full

---

[1] This report and recommendation omits internal quotation marks, citations, and alterations, unless indicated otherwise.

satisfaction of the indictment. (ECF 20-3, T. at 7-12.)[2] Petitioner confirmed that he had had a full opportunity to discuss the case with counsel and that he had not taken any drugs or medications and had not consumed any alcohol that would affect his ability to understand the proceedings. (*Id.* at 8.) He said he was pleading guilty because he was in fact guilty, that he was entering the plea voluntarily, that no one was forcing him to plead guilty, and that he understood he was giving up his right to go to trial. (*Id*. at 8-9.) He said that he understood that in exchange for his guilty plea, he would be sentenced to a prison term of 12 years, plus ten years of post-release supervision for the criminal sexual act count and to a one-year jail term for the forcible touching count, which would merge with the prison sentence. (*Id.*)

Approximately one month later, when Petitioner appeared before the state court for sentencing, he claimed that he had not known what he was saying when he pleaded guilty and that he wanted to go to trial. (ECF 20-3, S. at 3.)[3] The state court denied Petitioner's motion to withdraw his guilty plea and sentenced Petitioner to 12 years in prison to be followed by 10 years of post-release supervision. (*Id*.)

Petitioner filed a counseled brief on direct appeal challenging the validity of his plea, the effectiveness of counsel, and the severity of his sentence. (ECF 20-4, SR. at 42-83.)[4] The Appellate Division unanimously affirmed Petitioner's conviction. (*Id.* at 142-44.) *See also People v. Rodriguez*, 176 A.D.3d 579 (1st Dep't 2019). The New York Court of Appeals denied leave to appeal on

---

[2]   Citations to "T." are to the transcript of the proceeding at which the state court took Petitioner's plea.

[3]   Citations to "S." are to the transcript of the sentencing proceedings.

[4]   Citations to "SR." are to the state court record.

January 14, 2020. (ECF 20-4, SR. at 151.) *See also People v. Rodriguez*, 34 N.Y.3d 1132 (2020). Petitioner filed a motion for reconsideration in the Court of Appeals, which was denied on April 9, 2020. (ECF 20-4, SR. at 156.) *See also People v. Rodriguez*, 35 N.Y.3d 973 (2020).

On November 13, 2020, Petitioner, proceeding without a lawyer (pro se), made a motion to the New York County Supreme Court to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") section 440.10, arguing, among other positions, that counsel had been ineffective. (ECF 20-4, SR. at 157-161, 188; ECF 20-5, SR. at 189.) The state court denied Petitioner's motion. (ECF 20-5, SR. at 243-63.) Petitioner sought leave to appeal to the Appellate Division, which denied leave to appeal on February 3, 2023. (*Id*. at 333.) Petitioner sought leave to appeal to the New York Court of Appeals on March 23, 2023 (*id*. at 334-35), but his application was dismissed on June 5, 2023, because the Appellate Division's order denying leave to appeal was not appealable to the New York Court of Appeals. (*Id.* at 336, 339.)

## **PROCEDURAL HISTORY IN THIS COURT**

Petitioner filed the Petition on February 4, 2024, asserting, among other arguments, that his plea had been involuntary, that he had received ineffective assistance of counsel, and that his sentence violated his rights under the Eighth Amendment. (ECF 1, Petition.)[5] On April 11, 2024, Petitioner was directed to pay the filing fee or submit an application to proceed in forma pauperis, which allows a case to be filed without paying fees. (ECF 4, Order.) Petitioner paid the required

---

[5] A habeas corpus petition by an incarcerated or pro se petitioner is deemed filed on the date it is given to correctional authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

3

filing fee, which was processed by the Court on April 17, 2024. On May 7, 2024, the Court ordered Respondent to answer the Petition. (ECF 7, Order To Answer.)

On May 17, 2024, Petitioner filed a letter discussing the circumstances surrounding his effort to withdraw his plea. (ECF 9, Letter.) On June 4, 2024, Petitioner filed a letter requesting various guides from the Court (ECF 11, Letter); the pertinent materials were mailed to Petitioner on June 10, 2024.

On July 3, 2024, Respondent requested an extension of time to respond to the Petition (ECF 12), which request was granted (ECF 13). On August 2, 2024 Respondent made a second request for an extension of time to respond to the Petition (ECF 14), which request was granted (ECF 15). On August 16, 2024, Respondent moved for leave to file portions of the state court record under seal (ECF 17), which motion was granted (ECF 19). On August 19, 2024, Respondent moved to dismiss the Petition as untimely, with supporting papers. (ECF 20, Mot. To Dismiss.) Petitioner was ordered to respond to the motion to dismiss by October 8, 2024. (ECF 21, Order.)

Petitioner filed an opposition to the motion to dismiss on September 22, 2024. (ECF 23, Pet.'s Opp.) Respondent filed a reply in further support of the motion to dismiss on September 16, 2024. (ECF 24, Reply.) Petitioner filed a second opposition to the motion to dismiss on September 16, 2024. (ECF 25, Pet.'s Second Opp.) With leave of Court (ECF 26), Respondent filed a second reply in further support of the motion to dismiss. (ECF 27, Second Reply.) Your Honor referred the matter to a magistrate judge for a report and recommendation on the motion to dismiss the Petition. (ECF 28, Order of Reference.)

**LEGAL FRAMEWORK ON A MOTION TO DISMISS A HABEAS PETITION FOR UNTIMELINESS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody for state court convictions has one year to timely file a habeas petition. 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the latest of four possible dates: (1) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which a government-created impediment to filing a habeas corpus petition is removed; (3) the date on which the constitutional right asserted is initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year statute of limitations is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

Equitable tolling is also available under "rare and exceptional circumstances." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). To qualify for equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The term extraordinary refers not to the uniqueness of a

5

party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

Actual innocence may also provide an "equitable exception" to the AEDPA limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception requires a petitioner to make a showing of actual innocence with new evidence demonstrating that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The actual innocence gateway is "rare," and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

## DISCUSSION

Respondent seeks dismissal of the Petition on the grounds that it was untimely filed and that Petitioner did not demonstrate entitlement to equitable tolling or an equitable exception. (ECF 20-1, Memo. in Supp. of Mot. To Dismiss at 6-10.) Petitioner's first opposition to the motion to dismiss addresses the merits of the Petition but not Respondent's arguments that the Petition was untimely filed and that Petitioner had not demonstrated entitlement to equitable tolling or an equitable exception. In his second opposition, Petitioner responds that final judgment in his case was entered on June 5, 2023, making the Petition timely. (ECF 25, Pet.'s Second Opp. at 3.)[6] Respondent counters that Petitioner's argument erroneously suggests that the statute of

---

[6]  The Petition contains more than one set of paginations. Citations in this report and recommendation are to the page numbers assigned by the ECF System.

6

limitations should have been tolled from the date Petitioner filed his post-conviction motion to vacate the judgment until the New York Court of Appeals' dismissal of his application for leave to appeal the denial of his motion to vacate. (ECF 27, Second Reply at 1.)

I.  **The Petition is Untimely Notwithstanding Statutory Tolling of the Statute of Limitations**

The applicable date for measuring the one-year limitations period for filing the Petition is the date on which Petitioner's state court conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner took a direct appeal, which resulted in the New York Court of Appeals denying his application for leave to appeal, *Rodriguez*, 34 N.Y.3d at 1132, and, on April 9, 2020, denying his motion for reconsideration, *Rodriguez*, 35 N.Y.3d at 973.

As of April 9, 2020, Petitioner had 150 days to file a petition for a writ of certiorari to the United States Supreme Court; because of the COVID-19 pandemic, the time to file such a petition was extended from 90 days to 150 days.[7] A certiorari petition therefore would have been due on September 7, 2020.[8] Petitioner chose not to file a certiorari petition, and therefore his conviction became final on September 7, 2020. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (holding that the petitioner's conviction became final for AEDPA purposes when his time to seek direct review in

---

[7]  *See* Supreme Court Order List 589 (Mar. 19, 2020), www.supremecourt.gov/orders/ordersofthecourt/19 (last visited Feb. 7, 2025); Supreme Court Order List 594 (July 19, 2021), www.supremecourt.gov/orders/ordersofthecourt/21 (last visited Feb. 7, 2025).

[8]  One hundred and fifty days from April 9, 2020 was Sunday, September 6, 2020, and so the deadline became the following business day, which was Monday, September 7, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

the United States Supreme Court expired). Without taking any permissible tolling into account, the deadline to file the Petition would be one year later, on September 7, 2021.

In his second opposition to the motion to dismiss, Petitioner asserts that final judgment in his case was entered on June 5, 2023, making the Petition timely. (ECF 25, Pet.'s Second Opp. at 3.) Respondent suggests that Petitioner is taking the position that the statute of limitations for filing the Petition should have been tolled from the date Petitioner filed his post-conviction motion to vacate the judgment, on November 13, 2020, until the New York Court of Appeals' dismissal on June 5, 2023 of his application for leave to appeal the Appellate Division's denial of leave to appeal (ECF 27, Second Reply at 1) – a period of 934 days. This is one interpretation of Petitioner's argument. It is also possible that Petitioner is asserting that June 5, 2023 was the date direct review of the judgment concluded. Neither interpretation supports a conclusion that the Petition was timely.

To the extent that Petitioner contends that his conviction became final on June 5, 2023, after the New York Court of Appeals dismissed his application for leave to appeal the Appellate Division's denial of leave to appeal the decision denying his motion to vacate the judgment pursuant to CPL § 440.10, the argument fails because a motion to vacate the judgment seeks collateral relief; it does not seek direct review of the judgment. *See People v. Howard*, 12 N.Y.2d 65, 66-67 (1962) (explaining that relief through a writ of error coram nobis, which was codified in CPL § 440.10, may not be used as a "substitute for an appeal from a judgment of conviction"); *see also People v. Thomas,* 34 N.Y.3d 545, 561 n.3 (2019) (explaining that relief pursuant to CPL § 440.10 relief may not be used as a "substitute for a direct appeal"). Therefore, the date the New York Court of Appeals dismissed the application for leave to appeal was not the date on which

*direct r*eview of the judgment concluded, 28 U.S.C. § 2244(d)(1)(A), and was not the date on which the time to file the Petition began to run.

To the extent that Petitioner asserts that the statute of limitations for filing the Petition should have been tolled for the 934 days between his filing of a post-conviction motion to vacate the judgment and the dismissal by the New York Court of Appeals of his application for leave to appeal, this argument also fails. The one-year statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his motion to vacate the judgment on November 13, 2020, which started the statutory tolling period. However, the claim did not remain pending until June 5, 2023, when the New York Court of Appeals dismissed the application for leave to appeal; rather, the claim was pending only until February 3, 2023, when the Appellate Division denied leave to appeal.

"A state-court petition is pending from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Clemente v. Lee*, 72 F.4th 466, 477 (2d Cir. 2023)). The claim did not remain pending while Petitioner sought leave to appeal the Appellate Division's denial of leave to appeal the denial of Petitioner's motion to vacate the judgment, because the Appellate Division's order denying leave to appeal was not an appealable order.

The Appellate Division's order was issued by one justice of the Appellate Division and denied Petitioner's request for a certificate granting leave to appeal to an intermediate appellate court pursuant to CPL §§ 450.15 and 460.15. (ECF 20-5, SR. at 333.) Such orders are not appealable to the New York Court of Appeals: as relevant here, CPL § 450.90(1) permits appeals to the New

9

York Court of Appeals "from any adverse or partially adverse order of an intermediate appellate court entered upon an appeal taken to such intermediate appellate court pursuant to section . . . 450.15 . . . [,]" "[p]rovided that a certificate granting leave to appeal is issued pursuant to section 460.20 . . . ." CPL § 450.90(1); *see also Cosey v. Lilley*, 460 F. Supp. 3d 346, 370 n.13 (S.D.N.Y. 2020) ("N.Y. CPL 450.90(1) cited . . . in denying leave to appeal to the New York Court of Appeals is the provision that authorizes an appeal to the Court of Appeals if a certificate granting leave to appeal has been granted, a certificate that the petitioner had failed to obtain.").

Because Petitioner here did not obtain a certificate that would have permitted his appeal to the Court of Appeals (ECF 20-5, SR. at 333), the Appellate Division order was not appealable. As a result, the period during which petitioner sought leave to appeal the Appellate Division Order did not toll the statute of limitations. *See Sykes v. Hynes*, 322 F. Supp. 2d 273, 276 n.1 (E.D.N.Y. 2004) (noting that "an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" and holding that the petitioner's applications to the New York Court of Appeals seeking leave to appeal the Appellate Division's orders denying his section 440.10 motions did not toll the statute of limitations because those orders were not appealable and therefore did not constitute "properly filed application[s] for State post-conviction or other collateral review"). Put another way, the Appellate Division's denial of leave to appeal on February 3, 2023 "finally disposed of" Petitioner's state collateral challenge to his judgment of conviction, making "further appellate review . . . unavailable" under New York law; that decision by the Appellate Decision meant that Petitioner's state collateral challenge was no longer pending, which ended the statutory tolling period. *Clemente*, 72 F.4th at 477.

10

The statute of limitations was tolled between November 13, 2020 and February 3, 2023, which is a period of 812 days. As a result, the deadline to file the Petition was extended from September 7, 2021 until November 28, 2023. However, Petitioner did not file the Petition until February 5, 2024, which was 69 days after the November 28, 2023 deadline.

## II. Petitioner Has Not Demonstrated that He Is Entitled to Equitable Tolling or an Equitable Exception

Nor is the Petition timely due to equitable tolling or an equitable exception to the statute of limitations. Petitioner has not met his burden of demonstrating that "extraordinary circumstances prevented him from filing his petition on time." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Indeed, Petitioner contends that the Petition was timely and makes no argument that extraordinary circumstances prevented him from filing sooner. And Petitioner has not argued that he has new evidence to support an actual innocence claim.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Respondent's motion to dismiss the Petition be GRANTED.

DATED: February 7, 2025
　　　　 New York, New York

　　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**ROBYN F. TARNOFSKY**
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Garnett.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).