USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES RODRIGUEZ,

                Petitioner,

    -against-

MARK MILLER,

                Respondent.

24-cv-02715 (MMG) (RFT)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On April 8, 2024, Petitioner Andres Rodriguez moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2254. (Dkt. No. 1). Briefing on the Petition was completed on September 16, 2024, and on September 25, 2024, the Court referred the Petition to Magistrate Judge Robyn Tarnofsky for a Report & Recommendation ("R&R"). (Dkt. Nos. 27 & 28). On February 7, 2025, Judge Tarnofsky issued her R&R, recommending that the Petition be denied as untimely. (Dkt. No. 31). Objections to the R&R were due by February 21, 2025. The final page of the R&R contained instructions regarding the filing of objections, including the time to do so, the procedure for requesting an enlargement of the time, and an all-caps legend set off in its own paragraph stating: "THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985)." (Dkt. No. 31 at 12). On March 6, 2025, having received no objections and no requests for the enlargement of the time to file such objections, this Court adopted the R&R in its entirety and dismissed the Petition as untimely. (Dkt. No. 32). On March 21, 2025, rather than seeking a retroactive enlargement of the time to file objections to the R&R or a certificate of appealability from this Court, Rodriguez filed a notice of appeal in the Court of Appeals for the Second Circuit. (Dkt. No. 35).

    Having denied Rodriguez's petition for a writ of habeas corpus, the Court now denies Rodriguez a certificate of appealability for all of the claims brought in the Petition. Courts may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *see also Richardson* v. *Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (discussing the standard for issuing a certificate of appealability). This means that a habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal references omitted).

    As noted above, Rodriguez's failure to timely file objections to the R&R or seek an enlargement of the time to do so in itself waives his right to appellate review. But even if that were not true, the Court would nonetheless deny Rodriguez a certificate of appealability, because the Petition was filed at least 69 days after the statute of limitations had expired, for all of the

reasons set out clearly in Judge Tarnofsky's thorough and well-reasoned R&R. Rodriguez made no arguments as to any entitlement to equitable tolling of the statute of limitations or any other equitable exception to the statute of limitations, and none is apparent from the face of the Petition. Rodriguez has not made a substantial showing of the denial of a constitutional right, nor is the calculation of the running of the statute of limitations a matter on which reasonable jurists could debate. Accordingly, the Court denies Rodriguez a certificate of appealability on the dismissal of his Petition as untimely.

    SO ORDERED.

Dated: March 25, 2025
       New York, New York

                                                MARGARET M. GARNETT
                                                United States District Judge